**SUTHERLAND, Alien Property Custodian, v. AMERICAN EQUITABLE ASSUR. CO. OF NEW YORK.**

Circuit Court of Appeals, Second Circuit.

July 28, 1930.

Paul Bonynge, of New York City, for the motion.

Nathan Ottinger, of New York City, opposed.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge.

In this case, which is like Sutherland v. International Insurance Company of New York, 43 F.(2d) 969, the District Court dismissed the bill upon the merits and gave costs against the plaintiff. During the trial the defendant moved to dismiss it, among other grounds because the plaintiff was not properly represented. The court apparently disregarded this, and indeed must have done so, else it could not have entered the decree which it did. The decree entered should have been similar to those which we have prescribed in the other two cases, and, if we got jurisdiction over it by the appeal, we could and should reverse it to conform to our rulings in them. We acknowledge that it is difficult to see how the appeal can be before us, since it was not taken by any one authorized to appear for the appellant, and precisely the same trouble exists in the other appeals which we have entertained. If we dismiss this, we should also dismiss them. But it also existed in the case of the Pueblo of Santa Rosa v. Fall, 273 U. S. 315, 47 S. Ct. 361, 71 L. Ed. 658, which the Supreme Court heard on certiorari. Since questions of jurisdiction are always open though not argued, and since indeed a court is bound to take notice of them sua sponte, we follow what we must regard as the precedent there adopted, and we deny the motion to dismiss. We cannot on this motion reverse the decree upon the merits, and direct the entry of a decree of dismissal because of the solicitor's lack of authority to appear in the District Court. This disposition will have to be made of the cause when it comes up in due course, unless the appellee chooses so to move at the beginning of the October term. For the present we merely deny the motion to dismiss upon the authority of the case cited.

Motion to dismiss denied.